Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Benjamin F. Tookey (SBN 330508)
btookey@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUGUST IMAGE, LLC, a New York Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>TEREZOWENS.COM, LLC, a California Limited Liability Company; JOEY GRANATH, an individual; and DOES 1-10,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR:<br>1. COPYRIGHT INFRINGEMENT<br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>**Jury Trial Demanded** |

Plaintiff August Image, LLC hereby prays to this Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a)-(b).

3. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) because this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. August is a New York limited liability company with its principal place of business located at 22 West 23rd Street, 3rd Floor, New York, NY 10010. August, a full-service rights managed collection, represents an elite group of portrait, lifestyle, beauty, and fashion photographers for editorial and commercial licensing. As the exclusive administrator and syndicator of the photographs at issue in this case and the copyrights therein, August is entitled to institute and maintain this action under 17 U.S.C. § 501(b).

5. Defendant Terezowens.com, LLC ("TWC"), is a California corporation with its principal place of business located at 717 N Cahuenga Blvd, Apt A1, Hollywood, California 90038. TWC is the owner, operator, and/or controller of the commercial website terezowens.com and its related/affiliated subdomains, mobile websites, social media pages, and applications (collectively, "Defendants' Website").

6. Upon information and belief, Defendant Joey Granath is an individual residing at 717 N Cahuenga Blvd, Apt A1, Hollywood, California 90038, and is the principal of TWC.

7. Upon information and belief, Defendants Does 1-10 ("Doe Defendants") (altogether with TWC and Granath, "Defendants"), are other parties not yet identified who have infringed the asserted copyrights, have contributed to the infringement of those copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual, or otherwise, of Doe Defendants are presently unknown to August, which therefore sues said Doe Defendants by such fictitious names, and will seek leave to amend

this Complaint to show their true names and capacities when the same have been ascertained.

8. Upon information and belief, each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the other Defendants, and was at all times acting within the scope of such agency, affiliation, alter-ego relationship, and/or employment; and actively participated in, subsequently ratified, and/or adopted each of the acts or conduct alleged, with full knowledge of each violation of August's rights and the damages to August's proximately caused thereby.

**TWC'S UNAUTHORIZED USES OF THE SUBJECT PHOTOGRAPHS**

9. August is the exclusive administrator and syndicator of seven original photographs (and the copyrights therein) registered with the U.S. Copyright Office (collectively, the "Subject Photographs"). At all relevant time, August has been the exclusive licensing agent for the Subject Photographs and the photographers who took them. Accordingly, August has standing to maintain this action under 17 U.S.C. § 501(b).

10. Following the publication and display of the Subject Photographs, Defendants, and each of them, copied, stored, displayed, reproduced, distributed, and otherwise exploited the Subject Photographs on Defendants' Website without a license, authorization, or consent from August (collectively, the "Accused Posts").

/ / /

/ / /

/ / /







| # | Subject Photographs | Accused Posts |
|---|---|---|
| 7 | AU11062609 |  |

11.     To the extent Defendants exploited the Accused Posts (and/or any/all other copies of the Subject Photographs) on Defendants' Website more than three years before the filing of this case, August did not know, and had no reason to know, of such exploitation(s).

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants)**

12.     August incorporates by reference the allegations contained in the preceding paragraphs.

13.     Upon information and belief, Defendants, and each of them, accessed the Subject Photographs by, among other things, viewing the Subject Photographs at August's and/or the relevant photographers' website(s), profiles, exhibitions, and/or social media pages; through third-party publications, websites, or Internet search engines; and/or because the Accused Posts are verbatim copies of, and thus strikingly similar to, the Subject Photographs.

14. Upon information and belief, Defendants, and each of them, stored, displayed, reproduced, distributed, and otherwise exploited verbatim copies of the Subject Photographs for commercial purposes on Defendants' Website without a license, authorization, or consent from August.

15. Due to Defendants' acts of copyright infringement, August has suffered damages in an amount to be established at trial.

16. Due to Defendants' acts of copyright infringement, Defendants, and each of them, have obtained profits they would not have realized but for their infringement of the copyrights in the Subject Photographs. As such, August is entitled to disgorgement of Defendants' profits attributable to Defendants' infringement of the copyrights in the Subject Photographs in an amount to be established at trial.

17. Upon information and belief, Defendants, and each of them, infringed the copyrights in the Subject Photographs willfully, with reckless disregard, or with willful blindness.

## SECOND CLAIM FOR RELIEF

**(For Vicarious and/or Contributory Copyright Infringement – Against Granath)**

18. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs of this complaint.

19. Upon information and belief, Plaintiff alleges that Granath had actual knowledge of, and materially contributed to, the Accused Posts; and had the right and ability to supervise, and a direct financial interest in (and realization of profits through), Defendants' conduct alleged herein—specifically, Defendants' copying, storage, display, reproduction, distribution, and other exploitation of the Accused Posts on Defendants' Website.

20. As a result of Granath's acts of contributory and/or vicarious copyright infringement, Plaintiff has suffered damages in an amount to be established at trial.

21. Due to Granath's acts of contributory and/or vicarious copyright infringement, Granath's obtained profits he would not have realized but for his contributory and/or vicarious infringement of the copyrights in the Subject Photographs. As such, Plaintiff is entitled to disgorgement of Granath's profits attributable to his contributory and/or vicarious infringement of the copyrights in the Subject Photographs, in an amount to be established at trial.

22. Upon information and belief, Plaintiff alleges that Granath committed contributory and/or vicarious copyright infringement with actual or constructive knowledge of Plaintiff's rights, or with reckless disregard or willful blindness for the same, such that said acts of contributory and/or vicarious copyright infringement were willful.

## **PRAYER FOR RELIEF**

Wherefore, August prays for judgment as follows:

    a. That Defendants, each of them, their respective agents, and anyone working in concert with Defendants' and/or their agents, be enjoined from copying, storing, displaying, reproducing, distributing, and/or otherwise exploiting the Subject Photographs without a license, authorization, or consent from Plaintiff in a manner that infringes the copyrights in the Subject Photographs;

    b. That Plaintiff be awarded all Defendants' profits, and all Plaintiff's losses, attributable to Defendants' infringement, the exact sum to be proven at the time of trial; or alternatively, if elected, statutory damages as available under 17 U.S.C. § 504;

    c. That Plaintiff be awarded its costs and fees as available under 17 U.S.C. § 505;

    d.  That Plaintiff be awarded pre-judgment interest as allowed by law;

    e.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

# JURY DEMAND

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: October 4, 2023    By:    /s/ *Stephen M. Doniger*
Stephen M. Doniger, Esq.
Benjamin F. Tookey, Esq.
DONIGER/BURROUGHS
Attorneys for Plaintiff